UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW SMYER,

    Plaintiff,                           Case No. 3:20-cv-114

vs.

KROGER LIMITED                    District Judge Michael J. Newman
PARTNERSHIP I, *et al.*,            Magistrate Judge Sharon L. Ovington

    Defendants.

___

**ORDER (1) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 17); (2) GRANTING PLAINTIFF'S RULE 56(d) MOTION TO EXTEND DISCOVERY; (3) ORDERING THE PARTIES TO CONFER ON AND SUBMIT TO THE COURT AN AMENDED RULE 26(f) REPORT ON OR BEFORE MARCH 17, 2021; (4) REFERRING THIS MATTER TO U.S. MAGISTRATE JUDGE SHARON L. OVINGTON; AND (5) REMINDING THE PARTIES OF THE RULES GOVERNING CORRESPONDENCE WITH THE COURT PER S.D. OHIO CIV. R. 7.2(c)**

___

      This civil case, which was recently reassigned to the undersigned, came before the Court on Plaintiff's Rule 56(d) motion to extend the discovery deadline. Doc. 20. Defendants filed a response, arguing that Plaintiff's request is untimely and without merit. Doc. 22. The Court held a status conference on March 8, 2021 to discuss the matter. Doc. 23.

      Some background is necessary because this case did not proceed in the ordinary course. Plaintiff filed a complaint raising claims of employment discrimination. Doc. 1. The parties submitted a joint Rule 26(f) report on June 1, 2020 that stipulated discovery would close on December 1, 2020 and motions for summary judgment would be due on February 1, 2021. Doc. 8.

Discovery did not go as planned. By December 1, 2020, the parties still had outstanding discovery issues. Docs. 18, 19-1. On January 25, 2021, this case was reassigned to the undersigned. Doc. 10. The undersigned promptly vacated the existing pretrial calendar and requested the parties to confer and submit a joint status report on the status of the litigation and a new proposed pretrial calendar if necessary.

Instead, Defendants filed a motion for summary judgment on February 8, 2021. Doc. 17. A week later, Defendants submitted a status report that explained the parties were unable to agree on a joint status report or a revised pretrial calendar even though defense counsel sent Plaintiff's counsel a proposed report. Doc. 18. In their status report, Defendants described several outstanding discovery issues. *Id.*

On March 1, 2021 -- the day on which Plaintiff's memorandum in opposition to Defendants' motion for summary judgment was due -- Plaintiff filed a separate status report objecting to Defendants' characterization of the state of litigation and reiterating his previously presented discovery issues. Doc. 19-1. Plaintiff also filed a Rule 56(d) motion to extend discovery and the summary judgment deadline. Doc. 20.[1] The Court held a status conference on March 8, 2021 attended by counsel for all parties. Doc. 23.

After reviewing Defendants' motion for summary judgment and Plaintiff's submissions, and upon hearing counsels' arguments about the existent and ongoing discovery disputes, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion for summary judgment (doc. 17) and **GRANTS** Plaintiff's Rule 56(d) motion to extend discovery (doc. 20). Defendants may refile

---

[1] Rule 56(d) provides that "[i]f a nonmovant shows by affidavits or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2).

2

their motion upon completion of discovery.  Plaintiff will have the opportunity to file a motion for summary judgment by a newly established dispositive motion deadline.

The Court also **ORDERS** the parties to confer on and submit to the Court an amended Rule 26(f) report setting forth a new pretrial calendar on or before **March 17, 2021**.  If the parties fail to do so, the Court will set a pretrial calendar of its own choosing.  To facilitate the completion of discovery, the Court **REFERS** this matter to United States Magistrate Judge Sharon L. Ovington.[2]

Finally, the parties are reminded of the Local Rules of Court concerning correspondence with the Court.  Pursuant to S.D. Ohio Civ. R. 7.2(c), letters or e-mail correspondence to the Court are not "permitted unless (1) requested by the Court in a specific matter, or (2) advising the Court of the settlement of a pending matter.  All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules."

**IT IS SO ORDERED.**


Date:  March 10, 2021                             s/Michael J. Newman
                                                                  Hon. Michael J. Newman
                                                                  United States District Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and § 636(b)(3), the Magistrate Judge to whom the case is referred is hereby authorized to perform any and all functions authorized for full-time United States Magistrate Judges by statute except that, unless specifically ordered, the following motions are not referred, regardless of when they may be filed: (1) motions for temporary restraining order or preliminary injunction; (2) dispositive motions, including Rule 12 motions and Rule 56 motions for summary judgment; (3) motions for class certification; and (4) motions in limine relating to the admission of evidence at trial.