UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW SMYER,

    Plaintiff,

vs.

KROGER LIMITED
PARTNERSHIP I, *et al.*,

    Defendants.

Case No. 3:20-cv-114

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

---

**ORDER: (1) VACATING THE MARCH 18, 2021 PRELIMINARY PRETRIAL CONFERENCE ORDER (DOC. NO. 26); (2) REFERRING THIS CASE TO MAGISTRATE JUDGE OVINGTON TO DETERMINE IF ADDITIONAL DISCOVERY SHOULD BE CONDUCTED AND TO CLARIFY THAT DISCOVERY IS COMPLETE UPON REFERRAL TO JUDGE NEWMAN; AND (3) OVERRULING PLAINTIFF'S OBJECTION TO JUDGE OVINGTON'S DISCOVERY ORDER (DOC. NO. 32)**

---

    This civil case is before the Court on Plaintiff's request to extend the discovery deadline and his objection to Magistrate Judge Ovington's discovery order. Doc. No. 32. Defendants contend that no discovery remains outstanding and oppose Plaintiff's objection to Judge Ovington's discovery decision. Doc. No. 34. Plaintiff filed a reply brief. Doc. No. 35. Plaintiff's motion is now ripe for review.

    Following the close of discovery on May 3, 2021, the Court held a status conference on May 24, 2021. Doc. No. 33. Plaintiff's counsel then advised the Court that, in his view, although the discovery deadline had passed, discovery remained outstanding. After hearing argument from both sides, the Court finds -- without determining whether discovery is incomplete -- that the parties cannot meet their June 11, 2021 dispositive motion deadline. Doc. No. 26. Therefore, the Court **VACATES** the March 18, 2021 preliminary pretrial conference order (Doc. No. 26), *i.e.*,

the pending calendar order, and **REFERS** this matter to Judge Ovington to define the scope of further discovery, if needed, and to set a new discovery deadline, if appropriate.  No further discovery will be permitted beyond the deadline set by Judge Ovington absent extraordinary circumstances.  It is anticipated that this case will be referred to Judge Newman upon completion of discovery.

Before Judge Ovington, Plaintiff insisted that he be permitted to depose Defendant Kroger's CEO Rodney McMullen.  Doc. No. 28.  Judge Ovington denied Plaintiff's request.  *Id*.  Plaintiff objects to Judge Ovington's Order.  *Id.*  Upon *de novo* review of the record, including Plaintiff's objection, the Court agrees with Judge Ovington's decision to prohibit Plaintiff's deposition of McMullen.  Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  The Court therefore **OVERRULES** Plaintiff's objection to Judge Ovington's Order.

**IT IS SO ORDERED.**

Date:   June 10, 2021                              s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge