UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW SMYER,

    Plaintiff,

vs.

KROGER LIMITED PARTNERSHIP I, *et al.*,

    Defendants.

Case No. 3:20-cv-114

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING THE PARTIES' REQUESTS FOR THE COURT TO REOPEN THE INSTANT CASE FOR THE LIMITED PURPOSE OF RESOLVING THEIR DISPUTE OVER THE PAYMENT OF COSTS (Doc. Nos. 94, 96); (2) GRANTING PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS (Doc. No. 94); (3) DENYING DEFENDANT'S REQUEST TO APPROVE ITS BILL OF COSTS (Doc. No. 96); AND (4) CONFIRMING THAT THE CASE REMAINS TERMINATED ON THE DOCKET**

---

Previously in this civil case, the United States Court of Appeals for the Sixth Circuit affirmed this Court's Order granting Defendants' motion for summary judgment. Doc. Nos. 76, 90. Before Plaintiff filed his notice of appeal, Defendant filed its bill of costs (Doc. No. 78), listing the cost for court reporter transcripts as $8,344.45. Doc. No. 78 at PageID 2314. Upon conclusion of the appeal, the Clerk of Court taxed costs owed by Plaintiff at that amount—*i.e.*, $8,344.45. Doc. No. 93.

Both parties have asked the Court to reopen the case to determine the issue of costs: The case is pending upon Defendant's memorandum in support of its motion to approve its bill of costs (Doc. No. 79), Plaintiff's response in opposition (Doc. No. 84) and Defendant's reply (Doc. No. 85), along with Plaintiff's motion for review of the Clerk's taxation of costs (Doc. No. 94), Defendant's memorandum in opposition (Doc. No. 96) and Plaintiff's reply (Doc. No. 97). For good cause shown, the Court **GRANTS** the parties' requests to reopen this case for the limited purpose of deciding the cost issue.

I.

Rule 54(d) of the Federal Rules of Civil Procedure allows a prevailing party to recover litigation costs from a non-prevailing party. *See* Fed. R. Civ. P 54(d)(1). The costs a prevailing party may recover include, among others, "[f]ees for printed or electronically recorded transcripts obtained for use in the case[.]" 28 U.S.C. § 1920; *see Sutter v. General Motors Corp.*, 100 Fed. App'x 472, 475 (6th Cir. 2004). Rule 54(d) "creates a presumption in favor of awarding costs [to a prevailing party], but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *see Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006). The non-prevailing party bears the burden of overcoming the presumption. *White & White*, 786 F.2d at 732 (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). Rule 54(d) thus "'take[s] care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party.'" *Id*. at 730 (quoting *Lichter,* 269 F.2d at 146).

II.

Defendant asserts that it is the prevailing party and it is entitled to recover the costs it incurred "consistent with the Clerk's taxation of costs." Doc. No. 96 at PageID 2461. Defendant argues that the Clerk correctly taxed $8,344.45 in costs to Plaintiff based on the deposition transcript fees it incurred in this amount. *Id*.

Defendant is the prevailing party in this case under Rule 54(d) because the Court granted its motion for summary judgment and the Court of Appeals for the Sixth Circuit affirmed. Doc. Nos. 76, 90; *see, e.g., Tharp v. Apel Int'l, LLC*, No. 3:20-CV-210-CRS, 2023 WL 2469897, at *1 (W.D. Ky. Mar. 10, 2023) (recognizing the defendant was the prevailing party under Rule 54(d) when the Sixth Circuit affirmed the grant of summary judgment in the defendant's favor). As a result, Plaintiff

2

must satisfy his burden to overcome the presumptive award of costs to Defendant. *See White & White*, 786 F.2d at 732-33.

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). However, denying an award of costs is a proper exercise of judicial discretion in cases where the prevailing party's costs are "'unnecessary or unreasonably large…, where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues…, where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant…, and [in] cases that are 'close and difficult.'" *White & White*, 786 F.2d at 730. A losing party's opposition to payment of costs may rely on several factors to "overcome[e]the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

Although Defendant was the prevailing party in this case, Plaintiff has met his burden to overcome the presumptive award of costs to Defendant under the unique circumstances of this case. Denial of $8,344.45 in costs is generally supported recognizing Kroger's public report of $3.8 billion in operating profits in the 2024 fiscal year. *See* https://ir.kroger.com/news/news-details/2025/Kroger-Reports-Fourth-Quarter-and-Full-Year-2024-Results-Announces-Guidance-for-2025/default.aspx (last visited Mar. 10, 2025).[1] In addition, Plaintiff correctly points out that imposing costs on him in the amount Defendant seeks would strongly discourage future potential plaintiffs and their attorneys from filing lawsuits seeking to vindicate their rights under Title VII or the ADEA. This factor weighs

---

[1] The Court takes judicial notice of Kroger's self-reported operating profits for fiscal year 2024 as information "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Dayton Veterans Residences Ltd. P'ship v. Dayton Metro. Hous. Auth.*, No. 3:16-cv-466, 2022 WL 1913334, at *2 (S.D. Ohio June 3, 2022) (quoting Fed. R. Evid. 201(b)).

heavily against awarding costs in the instant case given the relatively few number of attorneys in the Dayton area with the specialized knowledge and experience needed to litigate such cases. This case was also close in the sense that it required Plaintiff's counsel to sift through, organize, and understand a large amount of discovery materials in light of the large and often complex body of case law applicable under Title VII and the ADEA. *Cf. Rosser v. Pipefitters Union Loc. 392*, 885 F.Supp. 1068, 1070 (S.D. Ohio 1995) (For the purpose of awarding costs, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." (quoting *White & White*, 786 F.3d at 732–33)).

Accordingly, for the above reasons, it is equitable in the instant case for the parties bear their own costs. *See id*.

### III.

The Court hereby **GRANTS** Plaintiff's motion to review the costs here at issue, and **DENIES** Defendant's request to approve its bill of costs. This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

March 11, 2025　　　　　　　　　　　　　　　s/*Michael J. Newman*　　　　　
　　　　　　　　　　　　　　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge